[703 NYS2d 336]

# In the Matter of KENNETH L. BENNETT, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, February 16, 2000

### APPEARANCES OF COUNSEL

*Andrea E. Tomaino,* Rochester, for petitioner.

*Frank Beretta,* Rochester, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court

on February 20, 1979, and formerly maintained an office for the practice of law in Rochester. The Grievance Committee filed a petition charging respondent with acts of professional misconduct including conversion, commingling and neglect. By order entered October 27, 1999 (266 AD2d 935), respondent was suspended for failing to appear or file an answer to the petition. Thereafter, an answer admitting material allegations of the petition was filed and outstanding issues of fact were resolved by stipulation. Respondent admitted, among other things, depositing personal funds into his trust account, allowing the balance in the trust account to fall below the amount of his clients' interests and issuing checks drawn on the trust account for personal purposes.

We conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (former [8]) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness to practice law;

DR 2-106 (f) (22 NYCRR 1200.11 [f])—failing to provide a prospective client in a domestic relations matter with a statement of client's rights and responsibilities prior to the signing of a written retainer agreement;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him;

DR 9-102 (a) (22 NYCRR 1200.46 [a])—commingling client funds with personal funds;

DR 9-102 (b) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain funds of a client in a special account separate from his business or personal accounts;

DR 9-102 (c) (3) (22 NYCRR 1200.46 [c] [3])—failing to maintain complete records of all funds, securities and other properties of a client or third person coming into his possession and render appropriate accounts to the client or third person regarding them; and

DR 9-102 (d) (1) (22 NYCRR 1200.46 [d] [1])—failing to maintain required records of bank accounts.

We have considered the matters in mitigation, including that the misconduct occurred during a period when respondent was

suffering from chronic depression and Crohn's disease. Respondent, however, is guilty of serious misconduct. Accordingly, we conclude that respondent should be suspended from practice for two years, effective October 27, 1999, and until further order of the Court.

GREEN, A. P. J., HAYES, SCUDDER, BALIO and LAWTON, JJ., concur.

Order of suspension entered.