[723 NYS2d 769]

In the Matter of MICHAEL G. MORRISON, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, December 27, 2000

### APPEARANCES OF COUNSEL

*Roderick Quebral,* Buffalo, for Eighth Judicial District Grievance Committee.

*Michael G. Morrison,* Buffalo, respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court

on March 7, 1975, and formerly maintained an office for the practice of law in Tonawanda. The Grievance Committee filed a petition charging respondent with acts of professional misconduct including conversion, commingling and neglect. Respondent filed an answer admitting the material allegations of the petition and raising, in mitigation, a diagnosis of major depression. Following his appearance before this Court, respondent requested in a supplemental answer that the Court suspend him from the practice of law based upon mental incapacity pursuant to 22 NYCRR 1022.23 (b).

We deny respondent's request for a suspension based upon mental incapacity. Respondent has not established that he is incapacitated from practicing law. He has demonstrated only that he found the practice of law to be stressful and that he elected to pursue an alternate career. Additionally, we note that, prior to his request for a suspension based upon mental incapacity, respondent was able to respond to the charges and appear before the Court to address matters in mitigation.

We conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him;

DR 9-102 (a) (22 NYCRR 1200.46 [a])—commingling client funds with personal funds;

DR 9-102 (b) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain funds of a client in a special account separate from his business or personal accounts;

DR 9-102 (c) (3) (22 NYCRR 1200.46 [c] [3])—failing to maintain complete records of all funds, securities and other properties of a client or third person coming into his possession and render appropriate accounts to the client or third person regarding them;

DR 9-102 (c) (4) (22 NYCRR 1200.46 [c] [4])—failing to pay or deliver to a client promptly funds or property that the client has requested and is entitled to receive;

DR 9-102 (d) (1) (22 NYCRR 1200.46 [d] [1])—failing to maintain required records of bank accounts; and

DR 9-102 (e) (22 NYCRR 1200.46 [e])—issuing trust account checks made payable to cash rather than to a named payee.

We have considered the matters in mitigation submitted by respondent, including that the misconduct occurred during a period when respondent was suffering from depression. Respondent, however, is guilty of serious misconduct. Accordingly, we conclude that respondent should be suspended from practice for two years and until further order of the Court (*see, Matter of Bennett*, 265 AD2d 33).

PINE, J. P., HAYES, WISNER, HURLBUTT and KEHOE, JJ., concur.

Order of suspension entered.