[723 NYS2d 778]

In the Matter of DAVID ISAAC BERLOWITZ, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, March 21, 2001

### APPEARANCES OF COUNSEL

*Daniel A. Drake,* Rochester, for petitioner.
*David Isaac Berlowitz,* Rochester, respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on April 5, 1967, and maintained an office for the practice of

law in Rochester. The Grievance Committee filed a petition charging respondent with acts of professional misconduct arising from his use and maintenance of his attorney trust account. Respondent filed an answer denying material allegations of the petition, and a Referee was appointed to conduct a hearing. The Referee filed a report, which the Grievance Committee moves to confirm.

The Referee found that respondent issued from his attorney trust account 22 checks that were dishonored for insufficient funds; that he allowed legal fees to accumulate in his trust account and withdrew the fees by issuing checks drawn on the trust account that were payable to cash; that the balance in the trust account was consistently less than the amount of his clients' interests; and that he failed to keep required records.

We confirm the findings of fact made by the Referee and conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 9-102 (a) (22 NYCRR 1200.46 [a])—misappropriating funds and commingling clients' funds with personal funds;

DR 9-102 (b) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain clients' funds in a special account separate from his business or personal accounts;

DR 9-102 (c) (3) (22 NYCRR 1200.46 [c] [3])—failing to maintain complete records of all funds, securities and other properties of a client or third person coming into his possession and render appropriate accounts to the client or third person regarding them; and

DR 9-102 (d) (1) (22 NYCRR 1200.46 [d] [1])—failing to maintain required records of bank accounts.

We have considered the matters in mitigation, including respondent's previously unblemished record and the fact that no client suffered a monetary loss as a result of respondent's misconduct. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended for two years and until further order of the Court (*see, Matter of Morrison*, 279 AD2d 246; *Matter of Bennett*, 265 AD2d 33).

GREEN, J. P., PINE, HAYES, SCUDDER and BURNS, JJ., concur.

Order of suspension entered.