[760 NYS2d 374]

In the Matter of ROBERT C. NEWMAN, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, March 21, 2003

**APPEARANCES OF COUNSEL**

*Roderick Quebral, Principal Counsel, Eighth Judicial District Grievance Committee*, Buffalo, for petitioner.

*John K. Kosmerl*, Arcade, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 18, 1981, and maintains an office for the practice of law in Arcade. The Grievance Committee filed a petition charging respondent with acts of misconduct including conversion. Respondent filed an answer denying material allegations of the petition, and a Referee was appointed to conduct a hearing. Prior to the hearing, the parties executed a stipulation resolving outstanding issues of fact. Respondent appeared before this Court and submitted matters in mitigation.

Respondent allowed the balance in his attorney trust account to fall below the amount of his clients' interests, allowed negative balances to occur in the account and issued a check drawn on the account that was dishonored for insufficient funds. He issued trust account checks payable to his own order and made cash deposits into the account with no reference to the source or purpose of the deposits. Additionally, respondent paid himself an advance legal fee from the funds of an estate without prior court approval and without the knowledge of the executor of the estate. He has not reimbursed the estate to date.

We conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty;

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting legal matters entrusted to him;

DR 9-102 (a) (22 NYCRR 1200.46 [a])—misappropriating clients' funds and commingling clients' funds with personal funds;

DR 9-102 (b) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain clients' funds in a special account separate from his business or personal accounts;

DR 9-102 (d) (1) (22 NYCRR 1200.46 [d] [1])—failing to maintain required records of bank accounts;

DR 9-102 (e) (22 NYCRR 1200.46 [e])—allowing nonattorneys as signatories on a special account; and

DR 9-102 (i) (22 NYCRR 1200.46 [i])—failing to produce, in response to a subpoena issued in connection with the Grievance Committee's investigation, financial records required by the disciplinary rules to be maintained.

We have considered the matters submitted in mitigation. Accordingly, we conclude that respondent should be suspended from practice for two years and until further order of the Court (*see Matter of Morrison*, 279 AD2d 246 [2000]; *Matter of Bennett*, 265 AD2d 33 [2000]). Additionally, we direct respondent to make restitution in the amount set forth in the order entered herewith.

PINE, J.P., HURLBUTT, KEHOE, BURNS and HAYES, JJ., concur.

Order of suspension entered.