[762 NYS2d 709]

In the Matter of Merlyn E. Bissell, an Attorney, Respondent. Grievance Committee of the Eighth Judicial District, Petitioner.

Fourth Department, May 2, 2003

**APPEARANCES OF COUNSEL**

*Roderick Quebral, Principal Counsel, Eighth Judicial District Grievance Committee*, Buffalo, for petitioner.

*Frederick M. Rarick*, Corfu, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on January 9, 1992, and maintains an office for the practice of law in Attica. The Grievance Committee filed a petition charging respondent with acts of misconduct including conversion.

Respondent filed an answer denying certain material allegations of the petition, and a Referee was appointed to conduct a hearing. The Referee filed a report, which the Grievance Committee moves to confirm and respondent cross-moves to disaffirm.

The Referee found, based in part upon the admissions of respondent, that he allowed the balances in his attorney trust accounts to fall below the amount of his clients' interests and allowed negative balances to occur in the accounts. Additionally, he issued checks drawn against his attorney trust account payable to his own order that were not referenced to any particular client or matter, retained interest earned on clients' funds and used clients' funds for personal purposes. Finally, he engaged in representation involving a conflict of interest.

We conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 5-101 (a) (22 NYCRR 1200.20 [a])—accepting or continuing employment if the exercise of his professional judgment on behalf of a client will be or reasonably may be affected by his own financial, business, property or personal interests;

DR 5-105 (a) (22 NYCRR 1200.24 [a])—failing to decline proffered employment if the exercise of his independent professional judgment on behalf of a client will be or is likely to involve him in representing differing interests;

DR 5-105 (b) (22 NYCRR 1200.24 [b])—continuing multiple employment if the exercise of his independent professional judgment on behalf of a client will be or is likely to be adversely affected by his representation of another client or if it would be likely to involve him in representing differing interests;

DR 5-108 (a) (1) (22 NYCRR 1200.27 [a] [1])—representing a person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of a former client without the consent of the former client after full disclosure;

DR 9-102 (a) (22 NYCRR 1200.46 [a])—misappropriating client funds and commingling client funds with personal funds;

DR 9-102 (b) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain client funds in a special account separate from his business or personal accounts;

DR 9-102 (b) (2) (22 NYCRR 1200.46 [b] [2])—failing to identify special bank accounts in a proper manner;

DR 9-102 (d) (22 NYCRR 1200.46 [d])—failing to maintain required records of bank accounts;

DR 9-102 (e) (22 NYCRR 1200.46 [e])—allowing nonattorneys to be authorized signatories of a special account; and

DR 9-102 (i), (j) (22 NYCRR 1200.46 [i], [j])—failing to make available to petitioner financial records required to be maintained by the Disciplinary Rules.

We have considered the matters submitted in mitigation, including that respondent did not permanently deprive any client of funds and has corrected his accounting procedures. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended for two years and until further order of the Court (*see Matter of Newman*, 304 AD2d 130 [2003]; *Matter of Morrison*, 279 AD2d 246 [2000]; *Matter of Bennett*, 265 AD2d 33 [2000]).

GREEN, J.P., WISNER, SCUDDER, GORSKI and LAWTON, JJ., concur.

Order of suspension entered.