OPINION OF THE COURT
Per Curiam.
Respondent was admitted to the practice of law by this Court on January 9, 1992, and maintains an office in the Town of Attica. In August 2015, the Grievance Committee filed a petition alleging three charges of misconduct against respondent. Charges one and two allege that he failed to provide competent representation to two clients in separate criminal matters. Charge three alleges that he gave false testimony as a witness in a criminal trial. In response to the petition, respondent filed an answer denying material allegations, and this Court appointed a referee to conduct a hearing. After respondent failed adequately to respond to a notice to admit served upon him by the Grievance Committee or to comply with certain deadlines imposed by the Referee concerning pretrial matters, the Referee filed a report deeming admitted the allegations of the petition based on the dilatory conduct of respondent and sustaining the charges against him. The Grievance Committee moves to confirm the report of the Referee, and respondent in response to the motion admits almost all of the material factual allegations underlying the charges and submits matters in mitigation. Respondent additionally appeared before this Court and was heard in mitigation.
With respect to charge one, respondent admits that, from 2011 through 2014, he represented a client on a series of criminal matters involving allegations that the client, on numerous occasions, had engaged in reckless driving and other related criminal conduct. Respondent admits that, in July 2012, the client was in the custody of two sheriffs deputies and made certain statements to the deputies that were recorded by a body camera worn by one of the deputies. Respondent admits that the prosecution subsequently alleged that certain of those statements constituted threats against the deputies and, on at least two occasions thereafter, the prosecution provided respondent with a DVD containing a video recording that depicted *152 the alleged threats. Respondent also admits that the video recording was received into evidence in one of the criminal proceedings in which respondent represented the client. Respondent admits that, although he subsequently moved the trial court for an order suppressing the alleged threats, he failed to view the video recording prior to making the motion or prior to the Huntley hearing. The Referee found that respondent called his client as a witness at the Huntley hearing without advising the client as to the existence of the video recording and, on direct examination, the client testified that he had not made the alleged threats to the deputies and that the deputies had failed to advise him of his Miranda rights. On cross-examination by the prosecutor, the client again denied that he had made the alleged threats. Respondent admits that, had he viewed the body camera video recording prior to the Huntley hearing, he would have known that one of the deputies had issued Miranda warnings to the client and that the client had made the alleged threats to the deputies. He also would have known that the client had made the alleged threats because he was unable to make bail, rather than as a consequence of questioning or prompting by law enforcement. Respondent further admits that the record of the Huntley hearing indicates that he mistakenly believed that the prosecution was obligated to establish the voluntariness of the client’s statements by only a preponderance of the evidence, rather than beyond a reasonable doubt. In addition, in cross-examining a witness for the prosecution, respondent questioned only the ability of the witness to identify respondent’s client as the perpetrator of the alleged criminal conduct and did not ask questions concerning the voluntariness of the client’s statements to law enforcement. Respondent admits that the client was charged with perjury based on the client’s testimony at the Huntley hearing and was thereafter convicted, upon a jury verdict, of two counts of perjury in the first degree. Although the client was sentenced to a term of incarceration on the perjury conviction, that term was to run concurrently with a longer term of incarceration that was imposed for certain other criminal conduct of the client.
With respect to charge two, respondent admits that he represented a client on felony drug possession charges that resulted in the client in June 2012 being sentenced to a term of probation that included a condition that prohibited the client from consuming alcohol. Respondent admits that, in April 2014, the *153 client was arrested and charged with felony driving while intoxicated (DWI), and respondent thereafter represented the client on the DWI charge and a charge alleging that the client had violated certain conditions of his probation based on the conduct underlying the DWI charge. Respondent admits that, during a hearing on the probation violation charge, the client’s probation officer testified that the client had admitted to the officer that the client had consumed alcohol on the day of the DWI arrest. The probation officer also testified that, although the client had initially denied ingesting cocaine, after the client tested positive for cocaine, the client admitted that he had ingested cocaine prior to the DWI arrest. Respondent admits that he thereafter called his client as a witness and elicited testimony to the effect that, when the client told the probation officer that he had ingested cocaine before operating the vehicle, the client was referring to his use of cocaine in the distant past, rather than immediately prior to the DWI arrest. In addition, on cross-examination by the prosecutor, the client admitted all of the elements of the pending DWI charge, including that he had consumed alcohol and operated a motor vehicle with a blood alcohol level that exceeded the legal limit. Respondent admits that he thereafter argued to the hearing court that the cocaine screening test results were unreliable because prior results had been proven inaccurate, and he informed the court that the client was not contesting the alleged probation violation to the extent that the prosecution alleged that the client had consumed alcohol, but only to the extent that the prosecution alleged that the client had ingested cocaine. In May 2014, the client admitted to the probation officer that he had ingested cocaine immediately prior to the DWI arrest and had testified falsely during the probation violation hearing. Respondent admits that the client thereafter entered a plea of guilty to charges of felony DWI and perjury in the first degree and was sentenced to concurrent terms of incarceration of 2 to 4 years on the perjury charge, 1 to 4 years on the DWI charge, and two years on the probation violation charge.
With respect to charge three, respondent admits that, in December 2014, he testified as a defense witness in the trial of the perjury charge against his client that arose from the Huntley hearing referenced in charge one. Respondent admits that, in response to questioning by the prosecutor on cross-examination, respondent acknowledged that he had previously been suspended from the practice of law for two years and stated *154 that the suspension was “for, I guess, mishandling my client trust account because I paid client funds out of other people’s funds by paying them too fast instead of waiting to let a check, cashier’s check, clear for three days.” Respondent also stated that “[n]o client got short-changed ever, and it was a money issue. ... It was a political issue too.”
We confirm the Referee’s report with respect to the factual findings therein. We decline, however, to sustain the Referee’s advisory determination with respect to charge three, i.e., that respondent engaged in conduct involving dishonesty and misrepresentation based on the trial testimony concerning the nature of the conduct that gave rise to his prior suspension from the practice of law. In our view, respondent’s testimony constituted his generalized opinion of the basis for the suspension, rather than a false statement of law or fact. Indeed, the basis of the prior suspension is objectively verifiable by reference to the prior written decision of this Court (Matter of Bissell, 305 AD2d 25 [2003]), and the testimony at issue concerned respondent’s “guess” as to the reasons for the suspension. Moreover, inasmuch as the Grievance Committee relies on only brief excerpts of the challenged testimony, this Court is unable to evaluate the overall context in which the statements were made, which in our view is integral to a determination whether the statements constitute conduct involving dishonesty or deceit. Accordingly, we conclude that the Grievance Committee has failed to establish that respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of rule 8.4 (c) of the Rules of Professional Conduct (22 NYCRR 1200.0) and, therefore, we decline to sustain charge three.
With respect to charges one and two, we find respondent guilty of professional misconduct and conclude that he has violated the following Rules of Professional Conduct:
rule 1.1 (a) — failing to provide competent representation to a client; and
rule 8.4 (h) — engaging in conduct that adversely reflects on his fitness as a lawyer.
In determining an appropriate sanction, we have considered respondent’s submissions in mitigation, including his statement that, in relation to charges one and two, he represented his clients to the best of his ability. We have further considered that respondent has a substantial disciplinary history that includes the aforementioned order of suspension, two letters of *155 admonition, and a letter of caution, and that the conduct set forth in charges one and two constitutes a gross deviation from the minimum level of competence expected from a member of the bar. Indeed, the record establishes that respondent’s failure to provide competent representation to his clients exposed them to substantial legal peril, including incarceration. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended from the practice of law for a period of two years and until further order of the Court.
Centra, J.P., Peradotto, Lindley, Curran and Scudder, JJ., concur.
Order of suspension entered.